UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| RIO MARINE, INC., § | |
| JOHN BLUDWORTH SHIPYARD, LLC, and § | |
| PERFORMANCE PERSONNEL, LLC § | |
| § | |
| *Defendants* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Argonaut Insurance Company submits this, its Original Complaint against Rio Marine, Inc., John Bludworth Shipyard, LLC and Performance Personnel, LLC, and pursuant to 28 U.S.C. §§ 1332 and 2201, would show the Court the following:

## I.
## NATURE OF THE CASE

1. This is a lawsuit concerning the contractual obligations of Argonaut Insurance Company regarding two underlying lawsuits under a marine general liability policy issued to Performance. Argonaut issued policy 726OM2008 to Performance, effective from January 4, 2018 to January 4, 2019 ("the Policy").

2. Argonaut seeks a declaration that it has no duty to defend or indemnify Rio Marine or Bludworth as additional insureds in *Victor Martinez aka Noe Medrano v. Rio Marine, Inc. and John Bludworth Shipyard, LLC*; Cause no. 2018 CCV-61604-3 in the County Court at Law No.3, Nueces County, Texas ("Martinez Lawsuit").

3. Argonaut seeks a declaration that it has no coverage for any indemnity obligation that Performance may have to Rio Marine or Bludworth regarding the claim in the Martinez Lawsuit.

4. Argonaut further seeks a declaration that it has no duty to defend its insured, Performance, in the lawsuit styled *Navigators Insurance Company v. Rio Marine, Inc. and Performance Personnel, LLC*; Cause no. 4:19-cv-00461 in the United States District Court, Southern District of Texas, Houston Division ("Navigators Lawsuit").

## II.
## PARTIES

5. Plaintiff Argonaut is an insurance company formed pursuant to the laws of Illinois, with a principal place of business in Illinois. Plaintiff is therefore a citizen of the State of Illinois.

6. Defendant Rio Marine, Inc. is a corporation incorporated pursuant to the laws of Texas with its principal place of business in Houston, Texas. Rio Marine is therefore a citizen of the State of Texas, and may be served with process through its registered agent John Bruster Loyd at 4400 Post Oak Parkway, Suite 2360, Houston, Texas.

7. Defendant John Bludworth Shipyard, LLC is a limited liability company formed pursuant to the laws of Texas with a principal place of business in Corpus Christi, Texas. Bludworth is therefore a citizen of the State of Texas, and may be served with process through its registered agent L. Don Knight at 8100 Washington Avenue, Suite 1000, Houston, Texas.

8. Defendant Performance Personnel, LLC is a limited liability company formed pursuant to the laws of Texas with a principal place of business in Pasadena, Texas. Performance is therefore a citizen of the State of Texas, and may be served with process through its registered agent Joe H. Reyes at 403-B Pasadena Freeway, Pasadena, Texas.

### III.
### JURISDICTION & VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship of the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(2) and 1391(b)(2) because a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

### IV.
### THE UNDERLYING LAWSUITS

**MARTINEZ LAWSUIT**

11. According to the allegations in the Martinez Lawsuit, plaintiff Martinez was an employee of Performance who was severely injured while working at the Bludworth shipyard in Nueces County, Texas on or about July 2, 2018. Martinez sustained serious burns and injuries allegedly due to the faulty work performed by Bludworth and Rio Marine on the electrical equipment. Martinez filed suit against Bludworth and Rio Marine for his injuries; Performance is not a defendant in the Martinez Lawsuit. On information and belief, Bludworth is being defended in the Martinez Lawsuit under its own liability insurance policy issued by Navigators Insurance Company. On information and belief, Rio Marine is also being defended in the Martinez Lawsuit under its own insurance policy.

12. Bludworth and Performance entered into a Master Service Agreement ("MSA") regarding work performed at the shipyard in Nueces County. The MSA has the following relevant provision regarding insurance requirements:

> 5.0 To support the indemnification provisions in this Agreement but as a separate and independent obligation, [Performance] shall at [Performance's] own

> expense maintain, with an insurance company or companies authorized to do business in the state where the work is to be performed or through a self-insurance program approved by [Bludworth], insurance coverages of the kind and in the minimum amounts as follows:
>
> \* \* \*
>
> (b) Commercial (or Comprehensive) General Liability Insurance, including contractual liability coverage for the obligations assumed in this Agreement and proper coverage for all other obligations assumed in this Agreement…
>
> \* \* \*
>
> 5.3 All required insurance shall be maintained in full force and effect during the term of this Agreement, and shall not be canceled without thirty (30) days prior written notice to the other Party. Subcontractor shall cause its underwriters to name [Bludworth] as an additional insured… but only to the extent of the risks and liability expressly assumed in the Agreement, and only to the extent of the terms and conditions of such insurance…

13. Bludworth seeks defense and indemnity from Argonaut as an additional insured under the Argonaut policy issued to Performance pursuant to this provision in the MSA. Argonaut seeks a declaration that neither Rio Marine or Bludworth are additional insureds under the Policy and Argonaut does not owe a defense or indemnity to Bludworth or Rio Marine as additional insureds.

14. The MSA also includes the following indemnity agreement, quoted in relevant part:

> **6.0 RESPONSIBILITY FOR LOSS OR DAMAGE, INDEMNITY, RELEASE OF LIABILITY, AND ALLOCATION OF RISK**
>
> **6.1 HOLD HARMLESS & INDEMNIFICATION: [PERFORMANCE] AGREES TO INDEMNIFY AND HOLD HARMLESS [BLUDWORTH], ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND OTHER SUBCONTRACTORS FROM AND AGAINST ALL DAMAGE, LIABILITY OR COST, INCLUDING ATTORNEYS' FEES AND DEFENSE COSTS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE PERFORMANCE OF THE SERVICES BY [PERFORMANCE] UNDER THIS AGREEMENT, WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF, INCLUDING ILLNESS, BODILY INJURY OR DEATH TO ANY OFFICER, EMPLOYEE, AGENT, REPRESENTATIVE OR INVITEE OF [PERFORMANCE]… WHETHER SUCH ILLNESS, BODILY INJURY OR PROPERTY DAMAGE IS CAUSED BY THE SOLE, JOINT OR CONCURRENT NEGLIGENCE OF [BLUDWORTH] EXCEPTING ONLY SUCH**

**DAMAGE, LIABILITY OR COST ARISING OUT OF THE WILLFUL MISCONDUCT OF [BLUDWORTH].**

15. Both Bludworth and Rio Marine are seeking defense and indemnity from Argonaut in the Martinez Lawsuit pursuant to this indemnity provision in the MSA.

**NAVIGATORS LAWSUIT**

16. Navigators Insurance Company issued an insurance policy to Bludworth and upon information and belief, is defending Bludworth in the Martinez Lawsuit.  As a result, Navigators asserts that it now stands in the shoes of Bludworth in seeking reimbursement against Performance for the defense costs allegedly owed Bludworth by Performance under the MSA.

17. Navigators has filed suit against Performance for breach of the MSA. Argonaut is not a party to this suit.  Argonaut seeks a declaration that it does not have a duty to defend or indemnify Performance in the Navigators Lawsuit.

## V.
## THE POLICY TERMS

18. The Policy contains the following insuring agreement under its marine general liability coverage:

> **SECTION I – MARINE OPERATIONS**
>
> 1. Insuring Agreement
>
>    A. The Company will pay those sums that the insured becomes legally obligated to pay as damages because of **Bodily Injury** and **Property Damage** to which this insurance applies.
>
>    B. The Company will have the right and duty to defend the insured against any **Suit** seeking those damages. The Company may, at their discretion, investigate any **Occurrence** and settle any claim or **Suit** that may result. But,
>
>       1) The amount the Company will pay for damages is limited as described in the Limits of Insurance Section; and

      2) The Company will not be obligated to pay any damages or to defend any claim or **Suit** after the applicable Limit of Insurance has been exhausted by payment of judgments, settlements, or related expenses, and

      3) The Company will have no duty to defend the insured against any claim or **Suit** seeking damages to which this insurance does not apply.

    C. This insurance applies to **Bodily Injury** and **Property Damage** only if:

      1) The **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place in the **Coverage Territory**; and

      2) The **Bodily Injury** or **Property Damage** occurs during the policy period.

19. The Policy contains the following provision regarding who is insured, quoted in relevant part:

### SECTION VI – WHO IS AN INSURED

1. If the Named Insured is designated in the Declarations page(s) as:

      \* \* \*

    A. A limited liability company, the limited liability company is an insured. The members are also insureds, but only with respect to the conduct of the business of the Named Insured. The managers are insureds, but only with respect to their duties as the managers of the Named Insured.

20. Performance is the only Named Insured on the Policy. Neither Bludworth or Rio Marine are named insured, nor do they fall within any other insured provision in the Policy. Because they are not insureds under the Policy, Argonaut has no duty to provide them a defense in the Martinez Lawsuit.

    2. Exclusions

      This insurance does not apply to:

        \* \* \*

    B.  Contractual Liability

        **Bodily Injury** or **Property Damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        1) That the insured would have in the absence of the contract or agreement; or

        2) Assumed in a contract or agreement that is an **Insured Contract**, provided the **Bodily Injury** or **Property Damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **Insured Contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of **Bodily Injury** or **Property Damage**, provided:

           a. Liability to such party for, or for the cost of, that party's defense has also been assumed in the same **Insured Contract**; and
           b. Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

9. **Insured Contract** means:

* * *

    F.  That part of any other contract or agreement pertaining to the business of the Named Insured… under which the Named Insured assumes the tort liability of another party to pay for **Bodily Injury** or **Property Damage** to a third person or organization. Tort liability mans a liability that would be imposed by law in the absence of any contract or agreement.

        Paragraph f. does not include that part of any contract or agreement:

* * *

        4) That indemnifies another for the sole negligence of such other person or organization.

21. Furthermore, as shown above, Martinez is Performance's employee. The Policy has the following relevant exclusions for injuries to the insured's employees:

> 3. Exclusions
>
>    This insurance does not apply to:
>
>    * * *
>
>    F. Workers Compensation and Similar Laws
>
>    Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.
>
>    This exclusion also applies to the United States Longshore and Harbor Workers' Compensation Act, the Death on the High Seas Act, the Jones Act, and any other damages owed to a person under General Maritime Law.
>
>    G. Employer's Liability
>
>    **Bodily Injury** to:
>
>    1) An **Employee** of the insured arising out of and in the course of:
>
>       a) Employment by the insured; or
>
>       b) Performing duties related to the conduct of the insured's business or
>
>    2) The spouse, child, parent, brother or sister of that **Employee** as a consequence of 1 above.
>
>    This exclusion applies:
>
>    1) Whether the insured may be liable as an employer or in any other capacity; and
>
>    2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
>    * * *

22. The Policy does not provide coverage for the contractual liability of its Named Insured, unless that contractual liability is an **Insured Contract**. The indemnity agreement has not been

determined to be an **Insured Contract** as defined by the Policy. Further, even if it were an **Insured Contract**, any liability as a result of damages to Martinez, who was an employee of Performance, would be excluded by Exclusion F. for Workers Compensation and Similar Laws, and/or Exclusion G. for Employer's Liability. Therefore, even if the indemnity agreement in the MSA is enforceable, the obligation to reimburse Bludworth is not covered by the Policy.

23. In the Navigators Lawsuit, Navigators alleges that Performance is in breach of its contract with Bludworth and that Performance is therefore liable for the defense costs paid by Navigators for the defense of Bludworth in the Martinez Lawsuit.

24. As shown above, coverage under Marine General Liability Coverage requires either **Bodily Injury** or **Property Damage** caused by an **Occurrence**. The Policy defines these terms as follows:

> 3. **Bodily Injury** means **Bodily Injury**, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> \* \* \*
>
> 15. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \*
>
> 19. **Property Damage** means:
>
>     A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time the physical injury that caused it;
>
>     B. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **Occurrence** that caused it.
>
> \* \* \*

25. The Navigators Lawsuit seeks contractual damages; it does not seek damages for **Bodily Injury** or **Property Damage**. Further, the claim for breach of contract is not an **Occurrence**. The

allegations in the Navigators Lawsuit are not covered under the Policy, and thus, Argonaut has no duty to provide a defense to Performance.

## VI.
## DECLARATORY JUDGMENT

26. For the reasons above, Argonaut seeks a declaration that neither Rio Marine or Bludworth are insured under the Policy issued to Performance.

27. Argonaut further seeks a declaration that it does not have a duty to defend Rio Marine or Bludworth in the Martinez Lawsuit.

28. Argonaut seeks a declaration that the Policy does not have coverage for any contractual liability that Performance may owe to Rio Marine or Bludworth for the allegations in the Martinez Lawsuit.

29. Argonaut seeks a declaration that it does not have a duty to defend Performance in the Navigators Lawsuit.

## VII.
## RESERVATION REGARDING AMENDMENT

30. Argonaut reserves the right to amend this action as necessary and to include any additional claims that may be made.

# VIII.
# PRAYER

WHEREFORE, Argonaut prays for relief as set out above, for its costs, pre- and post-judgment interest, attorneys' fees, and for such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi — Attorney-In-Charge
State Bar No. 24041468
Southern Dist. Bar No. 38607
stephenm@tbmmlaw.com
Mary R. Hartsfield
State Bar No.  00788267
Southern Dist. Bar No. 18251
maryh@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Southern Dist. Bar No. 2870042
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFF**